### BAKER v. HORNICK.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.—Action for malicious prosecution will not lie, where the proseution was based on probable cause. Probable cause defined.

2. IBID.—IBID.—CHARGE—ADVICE OF COUNSEL.—In actions for malicious prosecution, that it was commenced on advice of counsel, is proper evidence to rebut inference of malice from want of probable cause. "Rebut presumption of malice," used in charge, construed to mean here, "rebut inference of malice."

3. IBID.—IBID.—MALICE will not necessarily be inferred from want of probable cause, but is generally implied therefrom.

Before BENET, J., Charleston, January, 1899. Affirmed.

Action by Henry Baker against M. Hornick and S. Rittenburg. So much of the charge of the Circuit Judge as pertains to the questions raised is as follows:

In an action of this character, gentlemen, malice is the principal element. The ground of the complaint is an alleged malicious prosecution, and such an action may be brought to recover damages sustained by the plaintiff by reason of his having beeen prosecuted for some crime or offense by a defendant, or at the instance of the defendant, from malicious motives, and without probable cause. There are three essentials which must concur before a malicious

prosecution can be successfully maintained, and I ask your close attention to these three, that you may apply them as tests to the evidence in this case and decide whether or not the plaintiff has made out his case. And upon all three the burden of proof is upon the plaintiff to establish each of the three, and all three by the preponderance of the evidence, by the greater weight of the testimony, so that the jury will be satisfied that each of the three has been proved. First, it must be affirmatively shown that the plaintiff was prosecuted through malicious motives. Second, that the prosecution was without probable cause; and third, that the prosecution had ended, either by an acquittal or a judgment in the plaintiff's favor, before the commencement of the action for damages, or that the prosecution had been abandoned and the cause dismissed before the commencement of the action for damages. You will bear in mind that the burden of proof is upon the plaintiff to establish these three requisites as facts. Not merely to establish one of them, or two of them, but all three; and should he fail to satisfy the jury as to one of them, he could not and should not get a verdict, and the defendants would prevail. It is important, therefore, that the jury should clearly understand what is meant by malice, in what is called a malicious prosecution; and also to know what is meant by want of probable cause, and to have a clear idea of what is meant in law as a termination of the prosecution, or an abandonment of the prosecution, and I shall endeavor to make these three essential requisites clear to you. First, then, as to malice. As technically used in legal definitions, malice is by no means the same as malice spoken of in common conversation, which usually means simply ill-will, hatred, animosity, or some similar feeling. A man may prosecute another with the bitterest animosity, the fiercest hatred, a most violent ill-will, and yet be entirely free from the malice without which there can be no malicious prosecution; because malice in law is not simply a rancor of the mind; envy, hatred and malice are separate and distinct passions, and the worst of these is malice, because—and now

mark my words—it is a deliberate purpose to do an injury
to some person without just cause or excuse.    I repeat it:
malice in law is the deliberate purpose to injure another
without just cause or excuse; it means the willing act of an
evil mind, the intention to wrong another unjustly; it im-
plies the making up of the mind to do evil to some one.
Therefore, any indirect motive or wrong is a malicious
motive.    For example, if one sets the criminal law in
motion against another, not for the purpose of bringing that
other to justice for the violation of some law, but for the
purpose, for instance, of aiding the prosecutor to collect a
debt, a jury might well consider that that was evidence of a
malicious motive, because the criminal law was not designed
to aid creditors in the enforcement of payment of debts, and
he who sets the criminal law in motion for such a purpose
should smart for it, and in a proper case would be made to
smart for it.    I trust you clearly understand now what is
meant by the malice which must be present as the motive in
a malicious prosecution.    That malice, or malicious motive,
must be proved to the satisfaction of the jury by the greater
weight of the testimony.    It is not necessary that malice be
expressly shown—for instance, by proof of threats or the
like.    Malice may be implied, it may be inferred from cir-
cumstances—for example, malice may be inferred in a prose-
cution, if the prosecution is one without probable cause.    If
a jury are satisfied from the testimony that the prosecution
was wholly without cause, or without probable cause, they
may infer, and justly infer, that it was prompted by malice.
That would be a presumption or inference; being merely a
presumption, may be removed and made to disappear from
the case by sufficient and competent testimony showing that·
even without probable cause there was no evil intention, no
deliberate purpose to do wrong, no malice; it may have been
on misinformation.    But nothing else appearing, the want
of probable cause would justify an inference of malicious
intent, malicious motive.    It is, of course, impossible to for-
mulate and lay down any general rule, any rigid test by

which the question of what constitutes malice in a prosecutor may be determined. The question arises in each case, and must be decided by the circumstances in each individual case; and you alone can determine from the testimony in this case whether there was malice in the alleged prosecution, and you must determine that according to the testimony in the case. You alone can decide whether there was or was not malice in the alleged prosecution. But it is safe to say, and I so charge you, that the facts from which malice is found, the evidence by which malice is proved, must be such as to satisfy any reasonable man that the prosecutor had no ground for the prosecution, except his evil desire to injure the accused.

So much, then, for malice. We now come to the second requisite in a malicious prosecution—that is want of probable cause. And I charge you that probable cause is such a state of facts and circumstances present in the mind of the prosecutor at the time of issuing warrant, as to lead a man of ordinary intelligence and caution and prudence, acting conscientiously, fairly and without prejudice upon the facts as he believes them, or as he believes he knows them, to believe the person accused to be guilty. Probable cause, therefore, is something more than merely ground for suspicion, or even reasonable ground for suspicion. In addition to that, there must be such an appearance of facts and circumstances as would warrant and justify a man of ordinary intelligence and caution and prudence in believing that the person accused was guilty of the offense or crime charged. Probable cause, I would say by way of illustration, is the measure of proof which justifies a grand jury in finding a true bill. That is to say, the existence, or the seeming existence, of such facts and circumstances as, nothing else appearing, would warrant a reasonable man and a prudent man in believing that the person accused was guilty and should be tried. The State is bound to furnish a grand jury with probable cause, before that jury can find a true bill against a man. It does not mean that they try the man

and find him guilty; but they simply say if this evidence be true—and only one side is heard, the State's side—if this evidence be true, this man should be tried; upon these facts he must be guilty, if they be true. That furnishes probable cause. I have already said that the want of probable cause is an essential element in a malicious prosecution, and the plaintiff, therefore, is bound to prove that there was no probable cause for the prosecution. That looks like requiring him to prove a negative, which is supposed to be in logic a very difficult thing to do. It is almost equivalent to asking a plaintiff to prove that he was innocent of the charge, and the law does not usually require a man to prove his innocence; but on the civil side of the Court, when he alleges that he has been prosecuted from malicious motives and that there was no ground for the prosecution, he must prove that there was a want of probable cause, that the prosecution was without probable cause. It must be borne in mind, gentlemen, that proof of malice, no matter how strong or complete or convincing, cannot take the place of proof of want of probable cause. Clear and satisfactory proof of malice will not supply the lack of proof of want of probable cause. And note this also, gentlemen, want of probable cause must not be inferred or implied from proof of malice, although, as I have already charged you, malice may be inferred from the want of probable cause. One who accuses another of crime may act upon appearances; and if the facts, or what seems to him to be the facts, are such that a man of ordinary intelligence and caution and prudence, acting conscientiously and without prejudice, would under the circumstances be led to believe, or be warranted in believing, that the person accused was guilty, the accuser or prosecutor will be justified in such prosecution, even though the appearances had misled him, although they were, in fact, no just ground for prosecution; because one may be deceived or misled by appearances. But if he has acted only under the effect of such misleading or deception, and even though the accused was innocent, the accuser in such a case could not be justly held liable for dam-

ages for malicious prosecution, having acted upon appearances, and honestly acted upon appearances. But a prosecution based upon mere conjecture or suspicion, or groundless suspicion, would justly render a prosecutor liable for damages; because there must be reasonable ground for the suspicion, and it must be strengthened by circumstances and facts, or what seemed to be facts, sufficiently strong to lead a man of ordinary prudence and intelligence to believe in the guilt of the accused. And this is right. No man should with impunity set the criminal law in motion against another and deprive him of his liberty, even for a brief period, upon slight suspicion or mere conjecture that he has committed the offense charged. Nor is it sufficient that the prosecutor should believe in the guilt of the accused; mere belief is not sufficient to justify a criminal prosecution, because there must be reasonable or probable grounds for that belief. If there be probable cause, it is immaterial what were the motives of the prosecution—whether it was a desire to subserve the interests of public justice, or to gratify private spleen or personal revenge, or any other improper motive. Clear proof of probable cause, of the existence of probable cause, makes it unnecessary to inquire further into the motives of a prosecution; and where probable cause exists, there can be no ground for a malicious prosecution. It is manifest, therefore, gentlemen, from all I have said, that this question of probable cause is a mixed question of law and fact. It is the duty of the Court to define, as I have endeavored to do, probable cause; it is the duty of the jury to apply the law to the facts in evidence and determine the question, was there a want of probable cause? or did the probable cause exist? The third requisite, which must concur with the other two as a basis to maintain an action for damages for malicious prosecution, is the termination of the prosecution or charge, or the abandonment of the charge or prosecution. As to this, it is enough for the purposes of this case to charge you, in view of the evidence submitted, that if the accused has been arrested and committed, or held

to bail for his appearance at Court, and is discharged by the prosecuting attorney or solicitor, without any true bill, or any bill or any action by the grand jury whatever, that is a sufficient termination to meet the acquirements of a complaint like this.    This complaint alleges that the said charge, complaint and prosecution, and each of them, are wholly ended and determined in favor of the plaintiff.    It is not necessary, as I have just said, that the grand jury should have acted, or that they should have found a no bill, or, if they had found a true bill, that the plaintiff should have been tried and acquitted.    That would be a termination; but a verdict and judgment on the merits of the charge are not necessary.    It is enough, if the case has been dismissed by the Court, or abandoned by the prosecution, or if the case has been formally discharged by the solicitor, or the case formally dismissed by the order of the Court, that is a sufficient termination of the case to comply with the requirements of pleading in a complaint of this character.

The action is one for damages, and in a case of this nature, if the jury decide to find for the plaintiff—in other words, if they decide that he has made out his case, that he has been a victim of malicious prosecution—then they are not limited in estimating the damages to the actual damages proved or sustained, but they are at liberty, in their sound discretion, if the facts proved justify it, to award exemplary or punitive damages, as I have explained—not, as I said, to enrich the plaintiff, but to a certain extent to punish the defendant. The jury, therefore, are at liberty, in estimating damages, to allow for injury to reputation as well as to person, and injury to credit in a business man, to compensate for wrong and indignity suffered by a plaintiff, and to indemnify for wrong done to a plaintiff's feelings; and as to the amount of damages, the jury is the sole and proper judge, limited only by the amount claimed.    In this case, if you come to the conclusion that the plaintiff is entitled to damages, no matter if the plaintiff may satisfy the jury that he should be paid more, or that a larger sum than the amount claimed should be

awarded, you cannot go beyond the amount claimed; that amount, or any amount less, is wholly within the province of the jury to determine.

My charge thus far has shown what is required to be proved by the plaintiff in a case like this, and I have attempted to explain the theory of damages applicable to a case like this.    I shall now add a few words as to the defense proper in an action of this character.    It is a good defense in an action of this character that there was probable cause.    If the evidence shows that there was probable cause, that ends the matter; the investigation may stop there, and the verdict should be for the defendants.    So, also, the defense is complete if the action of the prosecutor of the defendant was not the result of malice; if he was not actuated by malice, and the question of probable cause does not depend on whether the accused is guilty or innocent, but upon the belief of the prosecutor and upon the grounds of that belief.    It is quite conceivable that an innocent man may be prosecuted, and prosecuted vigorously.    It is also conceivable that the prosecutor may have acted towards that innocent man with hatred and ill-will; but if the prosecutor, acting upon appearances, and believing honestly that the facts and circumstances justified him in considering the innocent person guilty, in that case he could not be liable for damages for malicious prosecution, because he would not be actuated by malicious motives.    I have already said more than once that a prosecutor is entitled to act upon appearances; and if the appearances be such that they would lead a man of ordinary intelligence and discretion to believe that the accused had committed the crime or offense charged, in that case the prosecutor would not be liable in damages, even though the accused were wholly innocent.    If, therefore, there be an honest belief in guilt, and if there be reasonable grounds for such belief, the prosecutor will be justified, and not liable in damages.    But mere belief in guilt, standing alone, is no justification——there must be reasonable or probable grounds for the belief; and I charge you, if there was probable cause

for the prosecution, the defendants cannot be held liable in damages, even though they were actuated by improper and malicious motives, if there was probable cause. A defendant may defeat an action of this character by proving the existence of probable cause, or by proving that the prosecution was free from malice. It is obvious, therefore, that if probable cause is shown, the absence of malice need not be shown; but where there is a failure to prove probable cause, then proof of malice would be indispensable.

A good deal was said in your hearing about the advice of counsel, in a case of this character, in advising the prosecutor. I charge you that a defendant in a case like this may endeavor to rebut the presumption of malice by proof that he acted under the advice of counsel. He is allowed to show that he communicated to his counsel, his lawyer, all the facts, or what seemed to him to be the facts, bearing upon the guilt or innocence of the accused, which were known to him, or which he might reasonably have information of, and to show also that, acting upon his lawyer's advice, he brought the prosecution, and that he acted solely on the advice of his counsel, and from no improper motives. That would be a complete defense, and would justify the finding for the defendant in a proper case. You are to say whether this is such a case or not. The testimony is before you, and you are to say what weight it deserves. The whole advice of counsel is evidence intended to rebut the presumption or imputation of malice; but where malice is expressly proved, the advice of one's lawyer will not free a defendant from liability—that is, where malice is expressly proved.

Now, gentlemen, shall I take up your requests to charge?

For the defense, your Honor, they seem to have all been covered, except the 12th, which we will ask you to take up.

Anything from counsel for the plaintiff?

Only on the question as to lawyer's advice, sir.

Continuing, his Honor said: I have said that a defendant is allowed to show that he acted on the advice of counsel, allowed to tell what he said to counsel as to facts, or appear-

ance of facts, that induced him to bring the prosecution, and to show that, acting on his lawyer's advice, he brought the prosecution, and that he acted solely upon the advice of counsel, and from no improper or evil motives. Not the mere fact that he acted on the advice of counsel—that is not sufficient. It must be also shown that he acted on no improper motives. Advice of counsel is to go to the jury with all other evidence.

Counsel for the plaintiff withdraw their requests to charge.

Plaintiff appeals on following exceptions:

1. Because his Honor erred in instructing and charging the jury as follows: "So, also, the defense is complete if the action of the prosecutor of the defendant was not the result of malice, if he was not actuated by malice; and the question of probable cause does not depend on whether the accused is guilty or innocent, but upon the belief of the prosecutor, and upon the grounds of that belief."

2. Because his Honor erred in charging the jury as follows: "He is allowed to show that he communicated to his counsel, his lawyer, all the facts, or what seemed to him to be the facts, bearing upon the guilt or innocence of the accused, which were known to him, or which he might reasonably have information of, and to show also that, acting upon his lawyer's advice, he brought the prosecution, and that he acted solely on the advice of his counsel, and from no improper motives. That would be a complete defense, and would justify the finding for the defendants in a proper case. You are to say whether this is such a case or not. The testimony is before you, and you are to say what weight it deserves. The whole advice of counsel is evidence intended to rebut the presumption or imputation of malice; but where malice is expressly proved, the advice of one's lawyer will not free a defendant from liability—that is, where malice is expressly proved."

3. Because his Honor erred in defining probable cause as

follows: "The State is bound to furnish a grand jury with probable cause before that jury can find a true bill against a man. It does not mean that they try the man and find him guilty; but they simply say that if this evidence be true—and only one side is heard, the State's side—if this evidence be true, this man should be tried, upon these facts he must be guilty, if they be true. That furnishes probable cause."

4. Because his Honor erred in charging the jury as follows: "There are three essentials which must concur before a malicious prosecution can be successfully maintained; and I ask your close attention to these three, that you may apply them as tests to the evidence in this case and decide whether or not the plaintiff has made out his case. And upon all three the burden of proof is upon the plaintiff to establish each of the three, and all three by the preponderance of the evidence, by the greater weight of the testimony, so that the jury will be satisfied that each of the three has been proved. First, it must be affirmatively shown that the plaintiff was prosecuted through malicious motives. Second, that the prosecution was without probable cause; and third, that the prosecution had ended, either by an acquittal or a judgment in the plaintiff's favor before the commencement of the action for damages, or that the prosecution had been abandoned and the cause dismissed before the commencement of the action for damages. You will bear in mind that the burden of proof is upon the plaintiff to establish these three requisites as facts."

*Messrs. Huger Sinkler* and *J. N. Nathans, Jr.,* for appellant, cite: *As to probable cause:* 64 Tex., 320. *As to advice of counsel:* 15 S. C., 401.

*Messrs. Mordecai & Gadsden,* contra, cite: *Plaintiff must show malice or improper motive:* 98 U. S., 192; 1 N. & McC., 168; 16 S. C., 398. *As to want of probable cause:* 98 U. S., 194; 1 N. & McC., 278; 5 S. C., 476; 29 S. C., 400, 187; 36 S. C., 375; 22 S. C., 5; 32 S. C., 328; 31 S. C., 343.

*What is probable cause:* 3 Strob. L., 581.   *As to advice of counsel:* 44 S. C., 165; 16 S. C., 398.

April 5, 1900.   The opinion of the Court was delivered by

Mr. Chief Justice McIver.   This was an action to recover damages for an alleged malicious prosecution.   The case came on for trial before his Honor, Judge Benet, and a jury, and a verdict having been rendered in favor of the defendants, the plaintiff appeals upon the several exceptions set out in the record.   Inasmuch as these exceptions only impute error to the Circuit Judge in using the language extracted from the charge in the several exceptions, it will be necessary for the reporter to incorporate in his report of this case so much of the charge as is embraced within the folios 54 and 94 of the case, concluding with the words, "counsel for plaintiff withdraw their request to charge" (the remainder of the charge not being necessary for a proper understanding of the questions, which we understand to be presented by the exceptions of appellant), as well as the exceptions taken by appellant.

We must say the form of each of these exceptions is not free from objection, as they all impute error to the Circuit Judge in the use of the language extracted from the charge and embodied in the exceptions, without indicating wherein the error complained of lies; and as the most, if not all, of these extracts contain several propositions, the Court is left to conjecture whether the intention is to impute error in *all* of these propositions, or only one of them, and, if so, which one.   But waiving this, we will proceed to consider the questions which we understand the several exceptions, read in the light of appellant's argument, are intended to present.

The error which seems to be imputed to the Circuit Judge, in using the language quoted in the first exception, is, that such language would induce the jury to believe that the question of whether there was probable cause for the prosecu-
tion, depended alone upon whether the defendant

believed that there was such probable cause, no matter how trivial and flimsy were the circumstances upon which such belief rested. It seems to us that this is an entire misconception of the effect of the language quoted from the charge, as is shown by the concluding words of the quotation, "*and* upon the grounds of that belief." The obvious meaning of the language of the Judge was that the question whether there was probable cause for the prosecution does not depend upon the guilt or innocence of the party charged, "but upon the belief of the prosecutor *and* upon the grounds of that belief." That was the same as saying to the jury that the question whether there was probable cause, *does not* depend *alone* upon the belief of the prosecutor, but upon such belief, if founded upon sufficient grounds, which, in the same connection and on the same page, the Judge told the jury meant such grounds as would influence the mind of a man of ordinary intelligence and discretion to believe that the offense charged had been committed by the person accused. For in the same connection and on the same page of the charge as printed in the "Case," the jury were told, "if, therefore, there be an honest belief in guilt, and if there be reasonable grounds for such belief, the prosecutor will be justified, and not liable in damages. But mere belief in guilt, standing alone, is no justification; there must be reasonable or probable grounds for the belief." It is clear, therefore, that the first exception cannot be sustained.

The error which seems to be imputed by the second exception is that the Circuit Judge erred in his instruction to the jury as to the effect of the fact that defendants acted upon the advice of counsel in instituting criminal prosecution. The appellant contends that the jury were instructed that if the prosecution was commenced under the advice of counsel, that would be a complete defense, unless malice is expressly proved. This position, it seems to us, is based upon a manifest misconception of the language of the Circuit Judge. The language as quoted in this excep-

15—57

tion is not exactly accurate, owing, doubtless, to a mistake of the printer, and is somewhat confusing. The language of the Circuit Judge, as it appears in the printed charge is, "I charge you that a defendant may endeavor to rebut the presumption of malice by proof that he acted under the advice of counsel. He is allowed to show that he communicated to his counsel, his lawyer, all the facts, or what seemed to him to be the facts, bearing upon the guilt or innocence of the accused, which were known to him, or which he might reasonably have information of, and to show, also, that acting upon his lawyer's advice, he brought the prosecution, and that he acted solely on the advice of his counsel, *and from no improper motives.* That would be a complete defense, and would justify the finding for the defendant *in a proper case.* You are to say whether this is such a case or not. The testimony is before you, and you are to say what weight it deserves. The whole advice of counsel is evidence intended to rebut the presumption or imputation of malice; but where malice is expressly proved, the advice of one's lawyer will not free a defendant from liability—that is, where malice is expressly proved." And again, where Judge Benet's attention was specially called to the matter of the advice of counsel, he said that the defendant is allowed to show "that acting on the advice of counsel, he brought the prosecution, and that he acted solely upon the advice of counsel, *and from no improper or evil motives.* That is not sufficient. It must be also shown that he acted on *no improper motives.* The advice of counsel is to go to the jury with all other evidence." It is very manifest from the language which we have italicized in the two preceding quotations from the charge of the Circuit Judge, that he did not charge the jury as the appellant contends that he did, and we think it also clear that in the use of the word *"expressly,"* upon which stress is laid, the Circuit Judge merely meant to use it in contradistinction to the *inference* of malice from the want of probable cause; and what he obviously meant was that while proof that the prosecution was commenced under the advice

of counsel, might be sufficient to rebut the *inference of* malice drawn from the wants of probable cause, it would not avail anything against express proof of malice.    In this there was no error, for while the well settled rule is that malice *may*—not *must*—be inferred from want of probable cause, yet such inference may be rebutted by other circumstates—*Bell* v. *Graham*, 1 N. &McC., 278; see, also, 14 Am. & Eng. Enc. of Law, 53, *et seq.*, especially the notes.    The reason of the rule that malice may be inferred from want of probable cause is that where a person institutes a prosecution against another without probable cause, it is difficult to conceive of any other motive but a malicious one for bringing the prosecution (*Caldwell* v. *Bennett*, 22 S. C., at p. 9), but if it is shown that the prosecutor has before commencing the prosecution taken the advice of counsel learned in the law, that may be regarded by the jury as sufficient to rebut the inference of malice, and that circumstance, along with the other evidence, is to be considered by the jury in reaching their conclusion as to whether the prosecution was maliciously instituted.    The second exception is overruled.

The third exception was not pressed in the appellant's argument; but as it was not formally abandoned, we will consider it.    Manifestly it cannot be sustained, for the language upon which that exception is based was used by the Circuit Judge merely as an illustration of what might be evidence of probable cause.    But as it was not pretended that any bill of indictment had ever been submitted to a grand jury, it has no practicable application to the case.

The error imputed to the Circuit Judge in the fourth exception seems to be that in the language there quoted, the jury were instructed that in order to maintain an action for malicious prosecution it was necessary for the plaintiff to prove three things: 1st. That the prosecution was prompted by malicious motives.    2d. That there was no probable cause for the prosecution.    3d. That the prosecution had ended.    The elementary books as well as all the cases teach that these three facts are essential to the

maintenance of an action for malicious prosecution; but, as we gather from the argument, the point of the appellant's contention is that this language was calculated to induce the jury to believe that even if a want of probable cause was shown to their satisfaction, they could not find for the plaintiff unless malice was also shown affirmatively as a matter of fact. This contention is based upon what we have already seen is an unfounded assumption, viz: that the existence of malice will *necessarily* be inferred from a want of probable cause; for, as was said by Mr. Justice Johnson in delivering the opinion of the Court in *Bell* ads. *Graham,* 1 N. & McC., at page 283, "Both *malice* and *want of probable cause* must appear; and although the *former* will generally be *implied* from the *latter,* yet it does not necessarily follow, and the *presumption* arising from it may be rebutted by the *other circumstances.*" The fourth exception must also be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.