## 9356

### SMITH v. HUGHES.

#### (88 S. E. 369.)

1. APPEAL AND ERROR—REVIEW—FINDING OF TRIAL COURT.—As the trial Judge sees and hears the witnesses, his determination of the question whether the evidence was sufficient to go to the jury will not be disturbed on appeal unless clearly wrong.

2. MALICIOUS PROSECUTION — PROBABLE CAUSE — MALICE.—While malice may be implied if there was no probable cause for a prosecution, it is only an inference.

Before SEASE, J., Walhalla, July, 1915. Affirmed.

FOOTNOTE.—As to malice an element in malicious prosecution, see notes in 4 L. R. A. 257, 13 L. R. A. 464, 21 A. & E. Ann. Cas. 756. As to whether question of probable cause is for the Court or the jury, see note in L. R. A. (N. S.) 1915d, 1; as to action of grand jury being evidence of the existence or want of probable cause is for the Court or jury, see notes in 26 Am. St. Rep. 123, 21 A. & E. Ann. Cas. 1046, 39 A. & E. Ann. Cas. 1916a, 340.

Action by Henry Smith against W. F. Hughes. From a judgment for defendant, plaintiff appeals.

*Mr. M. C. Long,* for appellant, cites: *As to refusal of nonsuit:* 31 S. C. 343; 22 S. C. 4; 16 S. C. 397; 2 Hill L. 499; 57 S. C. 227; 26 Cyc. 24; 44 S. C. 165.

*Messrs. Shelor & Hughes,* for respondent, cite: *As to probable cause:* 3 Strob. L. 307; 81 Kan. 360; 56 L. R. A. (N. S.) 2; 38 Am. Dec. 231; 3 Rob. (La.) 17; 2 Stark on Ev. 916; 96 Tex. 255; 64 L. R. A. 474; 3 Strob. L. 576. *As to nonsuit:* 1 McM. L. 363; 1 Hill L. 82; 3 Strob. L. 307; 22 S. C. 1; 81 Kan. 360; 56 L. R. A. (N. S.) 1.

March 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for malicious prosecution; order of nonsuit at the close of the plaintiff's testimony because want of probable cause and the existence of express malice were not reasonably inferable from the testimony; appeal by the plaintiff. The only issue, therefore, is: Was the testimony sufficient in force and effect for a jury to reasonably infer the above conclusion? The determination of that question is always embarrassing to a Circuit Judge and to us. But in every case tried before a jury, as the plaintiff proceeds to put his testimony in the notional scales, which is the mind of the Judge to start with, the testimony must make some appreciable impression, the scales must move under the weight of the testimony, and, when they have moved so far that a reasonable inference may be had of their tendency, then the Judge surrenders his authority, and the jury assumes it.

It is true trial and appellate Judges may not be able to so mark the zero of passage from Judge to jury as to render it certain. It varies with the circumstances, and it depends

on a Judge's attitude. It is and must remain, therefore, uncertain. The trial Judge, who sees the witnesses, and who gets the whole setting of the case, is generally better able to make this judgment upon the testimony than we, who see only the cold type. But in those cases where we are satisfied the trial Court has erred in this generally nice task the remedy is imperative.

The learned Judge who tried the instant cause on Circuit was, we venture to think, peculiarly fitted from long experience in the Court of Sessions to draw from testimony inferences of malice and of probable cause. When he used the term "express malice" he was not charging a jury. He knew that the same malice might be evidenced by expression of the lips or be inferred from acts. The Judge thought that the testimony did not warrant the inference that there was malice in the prosecution, or that there was want of probable cause for it.

It is true that, if there be no probable cause, malice may be implied therefrom; but it is only an implication. *Baker v. Hornick,* 57 S. C. 228, 35 S. E. 524. The Judge, however, found probable cause was inferable from the testimony, and malice was not. An examination of the testimony leads us to concur in that conclusion.

The buying and selling of a few cows on the terms which existed betwixt Smith and Hughes was not a complicated business. The plaintiff, Smith, committed a breach of his duty to divide the profits on sales too often to suggest good faith on his part. It is always an easy matter for one who has failed to do his duty to make excuse.

"And ofttimes excusing of a fault
Doth make the fault the worse by the excuse."

No good purpose could be served to rehearse the testimony. We conclude from it that Smith did not account for the money he received for the sale of cattle, that Hughes had reasonable ground to think he was not going to account but to breach his trust, and that the prosecutions were insti-

tuted in good faith to punish the breach, and incidentally to collect money which Smith admittedly had in his hands, and to a part of which Hughes was entitled.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Gary and Messrs. Justices Hydrick and Watts, concur in the opinion of the Court.

Mr. Justice Fraser. I cannot concur. I think there was evidence enough to carry this case to the jury.