14266

CLEMMONS v. NICHOLSON

(185 S. E., 34)

December, 1934.

*Mr. R. B. Harrelson* and *L. D. Lide,* for appellant,

*Mr. L. M. Gasque,* for respondent,

March 31, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was commenced on October 31, 1932, for the purpose of recovering damages for malicious prosecution.

Appellant, by his complaint, alleges that on June 24, 1932, respondent maliciously, unlawfully, wantonly, and without probable cause made oath to and procured from W. M. Grantham, magistrate, a warrant dated June 24, 1932, for the arrest of appellant, charging him with the malicious and willful killing of one John Nicholson and setting fire to his dwelling house in the nighttime on the morning of March 17, 1932; that there was published in several newspapers of wide circulation the charge made by respondent, together with a false publication of the arrest and the taking of appellant to the State penitentiary; that all of this, appellant was informed and believed, was procured by respondent to further injure appellant in his good name and credit and to bring him into public disrepute; that although appellant was never arrested, Magistrate W. M. Grantham transferred the case to Magistrate William Harrelson in the Town of Mullins for the purpose of holding a preliminary hearing; as the result of a demand by appellant, said hearing was held September 23, 1932, before Magistrate Harrelson, at which time appellant voluntarily presented himself to the Court, and, the State having failed to make out a *prima facie* case against appellant, the charges were dismissed; that respondent's acts were willful, wanton, and malicious.

Respondent's answer admits that a warrant was issued for the arrest of appellant by Magistrate W. M. Grantham, but denies all other allegations of the complaint.

The case came on for trial before his Honor, E. C. Dennis, presiding Judge, and a jury, at the December term of the Court of Common Pleas for Marion County. At the close of appellant's testimony, respondent moved for a nonsuit, which motion, after argument of counsel, was granted

by the presiding Judge on the grounds that there had never been an arrest; therefore, appellant could not demand a preliminary hearing, and that respondent was simply acting on information furnished him by the officers investigating the case.

Upon judgment duly entered thereon and within due time appellant complied with all requisites necessary to perfect his appeal to this Court.

The appellant has filed nine exceptions to the judgment of the lower Court, but at the threshold of his argument limits the issues as raised by the exceptions to three questions, to wit:

(1) Did the Court err in granting a nonsuit upon the ground that there was no arrest?

(2) Did the Court err in granting a nonsuit upon the ground that there was no evidence to show any malicious prosecution?

(3) Did the Court err in refusing to allow the plaintiff to testify whether there was any reason why Nicholson should swear out a warrant for him?

A consideration of Question 1 requires a brief recapitulation of the facts occurring prior to the institution of this proceeding.

On or about March 17, 1932, the house occupied by Mr. John M. Nicholson was destroyed by fire and his body burned therein. On or about June 24, 1932, A. R. Nicholson, brother of the deceased man, and respondent herein, appeared before W. M. Grantham, magistrate at Nichols, in Marion County, and made an affidavit on information and belief that Ray Harrington and De Witt Clemmons, appellant herein, had murdered John M. Nicholson and burned the dwelling house. Upon this affidavit, said magistrate issued a warrant of arrest, dated June 24, 1932. Ray Harrington was arrested and taken to the State penitentiary, but was subsequently discharged; there being no evidence against him.

Upon learning through newspapers and otherwise that a warant charging him with murder and arson had been issued by Magistrate Grantham, apellant sought a hearing thereon, and in due course the warrant was, on July 13, 1932, transferred by the magistrate above named to Magistrate William Harrelson at Mullins. This last-named magistrate agreed to give appellant a preliminary hearing, and, after notice to all parties involved, set the hearing for September 23, 1932. On this date, the appellant, as did the respondent, appeared before the magistrate, who, upon being informed that the State had no evidence against appellant, issued his order discharging appellant. The appearance of appellant and his demand for preliminary hearing was voluntary on his part.

Under the above state of facts, the question arises, Was there a prosecution and an arrest for which a suit for malicious prosecution would lie?

Under the former decisions of this Court, in order to maintain an action for malicious prosecution, it is indispensable that there be an arrest. This was decided in the case of *Mathew O'Driscoll v. Hugh McBurney,* 2 Nott & McC., 54, wherein Mr. Justice Colcock, writing the opinion of the Court, said: "There can be no prosecution without an arrest. * * * If a man make an affidavit charging the commission of an offence or crime, but never takes out a warrant, although he may subject himself to an action, he will not be liable to this action."

It will be noted that in the case just above quoted from, that while a memorial had been presented to the grand jury complaining of the conduct of plaintiff, the grand jury took no action upon it, and there was therefore no legal paper ever in existence on which to even base an arrest.

The old case of *Cockfield v. Braveboy,* 2 McMul., 270, 39 Am. Dec., 123, relied upon by respondent, is not of particular value in deciding the case under consideration. In that case the defendant made an affidavit charging plaintiff with the larceny of a Negro slave, upon which affidavit the magis-

trate issued his warrant for plaintiff. However, in indorsing the warrant authorizing the arrest of plaintiff, the magistrate used the words, "to rest and remain" and not "arrest and detain." The facts of that case so clearly indicated that there was probable cause for the issuance of the warrant and the making of the affidavit, that the Court seized upon the technicality of the misuse of the words authorizing the arrest to hold that there had not been a lawful arrest, and upheld the lower Court in granting a nonsuit on this ground, and the further ground that there was probable cause. However, the case was decided by a divided Court, and one justice concurred in the majority opinion solely on the ground that there was probable cause for the prosecution; but expressed his opinion that there was a sufficient arrest.

In the case of *Heyward v. Cuthbert,* 4 McCord, 354, the defendant went before a magistrate and made an information charging plaintiff with the larceny of a Negro slave. There was no legal evidence that the magistrate issued a warrant on this information, but the magistrate filed this information, together with some other papers relating to the transaction, with the Clerk of Court, who turned same over to the solicitor, with an indorsement on the envelope containing the papers that in his opinion the supposed felony was only a trespass, and suggested a "nol pros." No further proceedings were ever had thereon. Plaintiff brought his action for malicious prosecution, and was nonsuited. The Court in upholding the order of nonsuit, while confusing the action with one for false imprisonment, held that there was not a prosecution, and, if there was, there had not been such final termination as warranted the maintenance of a suit for malicious prosecution.

In passing upon the questions involved, the Court laid down this rule: "A correct criterion by which to determine whether a prosecution has or has not been commenced, will perhaps be best formed by inquiring whether the proceedings are in such a situation as to put it in the power of the party prosecuted to compel the State to proceed, or to procure his

own discharge, which can never happen until he is a party to them."

It is true that this decision goes further, and states that, "if the Magistrate thinks proper to put a criminal information into his pocket, the party accused has no power over him, nor has he any means of compelling him to proceed or abandon the prosecution." We cannot approve this latter statement, for to do so, any good citizen might easily be geratly damaged and injured in his reputation and standing in the community by an unscrupulous enemy and a magistrate friendly to such enemy, and have no redress whatsoever. Justice dictates that where a citizen is in due form, that is, upon an affidavit and warrant issued for him by a lawful magistrate, charged with a crime, especially a felony, such citizen has the right to compel the State to proceed, and is not bound to sit in patience, and under the cloud thus cast upon him, until, if ever, the magistrate sees fit to remove from his pocket the process, and serve.

In the instant case, an affidavit had been made by respondent charging appellant with the crimes of murder and arson, and upon this affidavit the magistrate had issued his warrant for the arrest of appellant, and the fact that a warrant charging appellant with these crimes was widely circulated through the medium of newspapers. Certainly, under these circumstances, the appellant had the right to have his guilt or innocence established by the Court accusing him, and as speedily as possible, and when he voluntarily appeared and submitted himself to the jurisdiction of the Court, and the Court acted thereupon, it cannot be said that there was not at least a constructive arrest. Had testimony been adduced at the time set for the hearing connecting appellant with the crimes charged, and the magistrate had held that the State had made out a case sufficient to hold the appellant, there could be no question but that appellant would have been in the lawful custody of the Court, and no formal arrest would have been necessary. We cannot differentiate.

As to the second question, in order to determine the merit thereof, it is necessary to quote a portion of the testimony adduced on trial, which is as follows:

"Q. Did the defendant named in that warrant, De Witt Clemmons, through his counsel, demand a preliminary hearing before you? A. Yes, sir.

"Q. Did you hold such a preliminary hearing? A. We set it on a certain date and the plaintiff didn't turn up.

"Q. Mr. Nicholson didn't turn up? A. It seems to me like Mr. Nicholson did turn up and the other fellow phoned me from Cheraw.

"Q. The Constable didn't appear? A. No, sir.

"Q. Mr. A. R. Nicholson himself was present? A. I wouldn't be positive, but it seems to me like he was in town that morning.

"Q. Did he come to your office that morning? A. I think he did.

"Q. Did he give any testimony against Mr. Clemmons? A. No, sir.

"Q. Did he not say he had no evidence against Mr. Clemmons? A. Mr. Nicholson.

"Q. Yes, sir. A. Yes, sir, he said he didn't have anything.

"Q. Upon that statement did you pass that order? A. That is the paper I signed."

Appellant testified as follows:

"Q. A hearing was held? A. Yes, sir.

"Q. The warrant was dismissed? A. Yes, sir.

"Q. Why was it dismissed? A. Mr. Nicholson said he didn't care to testify. He didn't have any evidence whatever against me.

"Q. He was at the hearing? A. Yes, sir."

On motions for nonsuit, the evidence and the inference therefrom must be viewed in a light most favorable to the plaintiff.

Now, it appears by the testimony that the respondent, A. R. Nicholson, appeared at the preliminary hearing and stated that he did not care to testify against

appellant because he did not have any evidence against him. It is true that malice is an essential element to be proved in a case of this nature, and that want of probable cause cannot be inferred from malice, but malice may be implied or inferred from want of probable cause.

In the case of *Jennings v. Clearwater Mfg. Co.,* 171 S. C., 498, 172 S. E., 870, 872, Mr. Chief Justice Blease, speaking for the Court, said:

"In an action for damages for malicious prosecution, malice may be inferred from want of probable cause; the reason for the rule, as pointed out in *Baker v. Hornick,* 57 S. C., 213, 35 S. E., 524, 529, being 'where a person instituted a prosecution against another without probable cause, it is difficult to conceive of any other motive but a malicious one for bringing the prosecution.'

"To the same effect is the case of *Wheeler v. Nesbitt,* 65 U. S. (24 How.), 544, 551, 16 L. Ed., 765, where Mr. Justice Clifford said: 'Want of probable cause is evidence of malice for the consideration of the jury.'

"It is true the implication of malice may be rebutted by circumstances (*Graham v. Bell,* 1 Nott & McC. (10 S. C. L.), 278, 9 Am. Dec., 687; *Campbell v. O'Bryan,* 9 Rich. (43 S. C. L.), 204; *Baker v. Hornick, supra; Smith v. Hughes,* 104 S. C., 149, 88 S. E., 369). And, in a few instances, based on unusual circumstances, it was held that the facts rebutting the inference of malice were such as to authorize the trial Judge to take the case away from the jury and directing a verdict or of ordering a nonsuit. *Graham v. Bell, supra; Campbell v. O'Bryan, supra;* and *Smith v. Hughes, supra.*

"But, on the other hand, it is equally true that the question whether the circumstances relied on to rebut the implication of malice are to be regarded as being conclusive is, ordinarily, an issue of fact which is to be submitted to the jury for their determination. In the case of *China v. Seaboard Air Line Ry.,* 107 S. C., 179, 92 S. E., 335, where

testimony of circumstances was offered to rebut the inference of malice, it was pointed out that such circumstances were not conclusive of the good faith of the prosecutor, but were merely circumstances for the consideration and interpretation of the jury.

"Similarly, it is essentially a matter for the jury, under proper instructions of the Court, to pass on the sufficiency of the facts and circumstances relied on by the plaintiff to show lack of probable cause for the prosecution of the criminal action. Speaking to this very point, Mr. Justice McIver said: ' * * * We think the true rule is, that after the jury have been instructed as to what constitutes probable cause, as matter of law, it is for them to say, from a review of all the facts and circumstances proved to have been present to the mind of the prosecutor at the time he commenced the prosecution, or to the plaintiff at the time he commenced his civil action, whether there was or was not probable cause for such proceeding. This rule is, as we have seen, not without the support of authority, is easy of application, and is in analogy with the rule in cases of negligence, which like probable cause presents a mixed question of law and fact.' *Caldwell v. Bennett,* 22 S. C., 1."

We are satisfied that appellant has adduced sufficient evidence from which a jury might draw a reasonable, legitimate inference that there was no probable cause for the institution of the criminal proceedings by respondent, and since malice might be inferred from want of probable cause, appellant's second position must be sustained.

Inasmuch as the case must go back for a new trial, consideration of appellant's third position is unnecessary.

It is the judgment of this Court that the judgment of the lower Court be, and hereby is, reversed, and the case remanded for a new trial.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Bonham and Fishburne concur.